Jing Feng LIANG, Kam Fung Leung, also known as Jing Feng Liang, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 00–4075(1), 02–4103(CON).

United States Court of Appeals, Second Circuit.

April 1, 2003.

Theodore N. Cox, New York, NY, for Petitioner.

Michael C. James, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York, (Kathy S. Marks, Gideon A. Schor, Assistant United States Attorneys, on the brief), for Respondent, of counsel.

PRESENT: Hon. BARRINGTON D. PARKER, Jr., and Hon. REENA RAGGI, Circuit Judges, and Hon. RICHARD W. GOLDBERG,[1] Judge.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petitions for review of the orders of the Board of Immigration Appeals be and they hereby are DENIED.

Petitioner Jing Feng Liang petitions the court, pursuant to § 106(a) of the Immigration and Nationality Act of 1952, as amended (INA), 8 U.S.C. § 1105a(a) (repealed 1996),[2] to review a February 28, 2000, final decision of the Board of Immigration Appeals (BIA), dismissing Liang's appeal from a December 13, 1999, order of an Immigration Judge (IJ). The IJ had denied Liang's application for asylum and withholding of deportation. Liang also seeks review of a BIA order denying his motion to reconsider the dismissal.

---

[1]. The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

[2]. Liang's petition is governed by the transitional rules established by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104–208, 110 Stat. 3009. *See Diallo v. INS*, 232 F.3d 279, 282 n. 1 (2d Cir.2000) (applying transitional rules when deportation proceedings began before April 1, 1997, and the order of deportation became final after October 30, 1996). Under the transitional rules, IIRIRA's appeal of INA § 106 is not effective and Liang may petition for review thereunder. *See* IIRIRA § 309(c)(4)(A).

Liang, a citizen of China, entered the United States in August 1992 without authorization and was intercepted by the INS and placed in exclusion proceedings. Liang conceded excludability but filed for asylum and withholding of deportation under §§ 208 and 243(h) of the INA, 8 U.S.C. §§ 1158, 1253(h). In his asylum application, Liang claimed that he was eligible because of his active opposition to government mandated birth-control policies. Liang claimed that in 1989 he was transferred to a Birth Control Work Team, against his wishes, after exposing the manager at his previous place of employment as corrupt. Liang further claimed that in August 1989 he released a pregnant woman whom he was transporting for a forced abortion. Fearing retaliation, he left his home and eventually left China, with the hope of coming to America.

Liang was the only witness at his hearing before the IJ, where he testified generally in support of his asylum application. At the conclusion of the hearing, the IJ denied Liang's application and ordered Liang deported. The IJ found that Liang's testimony "has not been particularly plausible or consistent as to lead me to believe that his activities were in fact such as he had indicated." The IJ discussed what it perceived as several inconsistencies and implausibilities in Liang's testimony. For example, although in his written asylum application Liang had stated that he "let go" the pregnant woman whom he was transporting, at the hearing Liang testified that he brought her to another village after the car he was driving broke down en route to the hospital. Moreover, although in his written application Liang stated that "she and her husband had resisted" when members of the birth-control team arrived to take her away, at the hearing Liang testified that the woman's husband was not at home.

Liang appealed to the BIA, which dismissed the appeal in February 2000. The BIA agreed with the IJ's conclusions that Liang's "testimony and evidence lacks credibility" and that "he has failed to sustain his burden of proof in these proceedings." Liang moved for reconsideration, which was denied in March 2002. On appeal, Liang argues that the IJ and the BIA erred in concluding that he had failed to satisfy his burden of proof and by failing explicitly to discuss the authenticity of documentation he submitted in support of his application.

When considering a petition for review of a BIA decision, the scope of our inquiry is "exceedingly narrow." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999). We accept the BIA's factual determinations so long as they are supported by substantial evidence, giving particular deference to credibility determinations, *see Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997), and reverse "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000), *see also Alvarado–Carillo v. INS,* 251 F.3d 44, 49 (2d Cir.2001).

■ In this case, the discrepancies between Liang's written application and testimony before the IJ could reasonably have led a fact-finder to conclude that Liang did not testify credibly. Liang's case for asylum rests essentially on a single event: the alleged freeing of a woman he was transporting for forced abortion. But, as previously noted, the account he gave of this event in his written application differed substantially from his testimony before the IJ. Consequently, the finding of Liang's lack of credibility is supported by substantial evidence.

■ Nor are we persuaded by Liang's contention that the IJ and the BIA erred

by neglecting to consider the handwritten "Notice of Discharge of Public Employment" submitted with Liang's asylum application. In fact, a review of the transcript of the hearing indicates that the IJ did consider this document. More importantly, however, we have never required that the IJ, or the BIA, specifically rule on the credibility of each piece of documentary evidence submitted. Rather, the IJ is merely required to state the reasons for the ruling. *See* 8 C.F.R. § 236.3(d) (1993) ("An adverse decision [concerning an application for asylum or withholding of deportation] will state why asylum or withholding of deportation was denied."); *see also Morales v. INS,* 208 F.3d 323, 328 (1st Cir.2000) (rejecting claim that IJ must discuss each piece of evidence). Accordingly, neither of Liang's claims has merit.

The petitions for review of the orders of the Board of Immigration Appeals are DENIED.